UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 0:21-cv-62142-BB

**JORGE CONTRERAS,**

    Plaintiff,

v.

**CORPORATE COACHES, INC.,**
a Florida Profit Corporation and
**LAURIE BARDER, individually**

    Defendants.
_____/

## NOTICE OF FILING PLAINTIFF'S STATEMENT OF CLAIM

Pursuant to this Court's Order Requiring Scheduling Report, Certificate of Interested Parties, and Statement of Claim and Response FLSA Cases dated October 19, 2021 [ECF No. 4], Plaintiff, JORGE CONTRERAS ("Plaintiff") hereby gives Notice of filing the following Statement of Claim:

## STATEMENT OF CLAIM

Plaintiff states the following:

1. Plaintiff was employed by Defendants from March 2017 through March 2020[1] as a driver to chauffeur Defendant and Defendants clients. Plaintiff's job duties included, but not

---

[1] Due to Covid-19, Plaintiff was laid off beginning in March 2020 and based on Defendants' misclassification of Plaintiff, he was unable to apply and receive benefits as an employee. During this lay-off period, Defendants were investigated by the Department of Labor and were required to exchange the names and contact information for all "drivers" with the DOL investigator. In October 2020, Defendants required all drivers that planned on returning to work for Defendants to meet with them to discuss their future employment. During the meeting, Defendants began interrogating Plaintiff about the DOL investigation. Plaintiff was uncomfortable with the questioning and once the meeting ended, Defendants' terminated Plaintiff's employment.

limited to driving, cleaning and fueling of all Defendants vehicles. During the relevant limitations period, Plaintiff, worked for Defendants as a driver, who Defendants misclassified as an "independent contractor." Defendants' required Plaintiff to sign an "Independent Contractor" agreement, as a prerequisite to his hiring, which controlled and dictated all aspects of Plaintiff's employment, including his compensation. Additionally, Plaintiff was also required to adhere to Defendants' policies and procedures, undergo training, attend meetings, wear uniforms and certain attire, all provided by Defendants. At all times during Plaintiff's employment with Defendants, Plaintiff only drove Defendants' vehicles for Defendants' clients. Defendants supplied and paid for these vehicles, as well as insurance, fuel, permits and registration associated with these vehicles. Plaintiff regularly worked for Defendants more than forty (40) hours within a work week. Specifically, while the number of hours could vary per workweek. Defendants failed to keep time records of Plaintiff's actual hours worked, but such hours can possibly be recreated through review of Defendants' trip tickets, dispatch records, and other materials in Defendants' possession detailing the dates, times, customers transported, and routes driven by Plaintiff. Plaintiff, did not work a set schedule but rather, drive Defendants' vehicles, based on the demand of Defendants' customers. Plaintiff was paid an hourly rate for each driving assignment for Defendants, yet Defendants invoiced/billed their clients an additional 20% gratuity for each, and every job Plaintiff was assigned and kept the additional gratuity for the company. Plaintiff estimated he averaged approximately sixty (60) hours per workweek, but was never paid for any hours over forty (40)

2. Plaintiff regularly worked for Defendant in excess of forty (40) hours within a work week without receiving *any* overtime compensation. Rather than pay Plaintiff time and half overtime as the FLSA required, Defendant elected not to pay Plaintiff any overtime

whatsoever for each hour worked over forty (40) per week. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment. Accordingly, Plaintiff is entitled to compensation for overtime hours each work week. Plaintiff estimates his damages as follows:

3. While Plaintiff does not have all of his time records, Plaintiff estimates his FLSA damages to be:

**Based on a one- and one-half-time calculation, Plaintiff calculated his damages at:**

**October 15, 2018-December 31, 2018(11 weeks)**

**Plaintiff's 1099-$34,934.00**

$34, 934.00/52 weeks=$671.81 per week

$671.81/60 hours=$11.20 per hour x 1.5=$16.80 per hour(overtime rate)

$16.80(overtime rate) x 20 hours of overtime =$336.00 owed per week

$336.00 x 11 weeks=$3, 696.00(unliquidated) $7, 392.00(liquidated)

**January 1, 2019-December 31, 2019(52 weeks)**

**Plaintiff's 1099-$33,323.39**

$33,323.39/52 weeks=$640.83 per week

$640.83/60 hours=$10.68 per hour x 1.5=$16.02 per hour(overtime rate)

$16.02(overtime rate) x 20 hours of overtime =$320.40 owed per week

$320.40 x 52 weeks=$16, 660.80(unliquidated) $33,321.60(liquidated)

**January 1, 2020-March 17, 2020 (11 weeks)**

**Plaintiff's 1099-$8,993.00**

**$8,993.00/11 weeks=$817.54 per week**

**$817.54/60 hours=$13.63 per hour x 1.5=$20.45 per hour (overtime rate)**

**$20.45(overtime rate) x 20 hours of overtime =$409.00 owed per week**

**$409.00 x 11 weeks=$4, 499.00(unliquidated) $8, 998.00(liquidated)**

**TOTAL OVERTIME OWED (ESTIMATE)**

**$24, 855.80 (UNLIQUIDATED) $49, 711.60 (LIQUIDATED)**

Plaintiff's Counsel has incurred approximately 12.3 hours of time in this case at a rate of $450.00 per hour, for a total of $5,535.00. Additionally, the costs to date in this case totals $402.00, for a total of $5,937.00.

Plaintiff is seeking his full payment of all actual overtime wages owed, an equal amount in liquidated damages, plus reasonable attorneys' fees and costs, on his behalf during this litigation of this matter.

Dated this 9th day of November, 2021.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.