UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-62142-AOV

**JORGE CONTRERAS,**

    Plaintiff,

v.

**CORPORATE COACHES, INC.,**
a Florida Profit Corporation and
**LAURIE BARDER, individually**

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND TO DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff, JORGE CONTRERAS ("Plaintiff") and Defendants, CORPORATE COACHES, INC., and LAURIE BARDER, Individually ("Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit, and state the following in support:

**I.**     **STATEMENT OF FACTS**

Plaintiff filed a Complaint against the Defendants for violation of the FLSA and for retaliation under the FLSA. Defendants deny the allegations asserted in the Complaint.

Notwithstanding the parties' disagreement over the legal and factual merits of the allegations, and the scope of any potential damages, the parties resolved the instant case at the settlement conference.

1

The parties subsequently drafted and executed a Settlement Agreement that memorialize the monetary and non-monetary terms and conditions of the settlement. A copy of the fully executed Settlement Agreement is being submitted to this Court pursuant to the Court's Paperless Order Directing Parties to File Joint Motion to Dismiss. *See* ECF No. 27.

In accordance with the applicable requirements for settling a FLSA claim as well as the Court's instructions at the settlement conference, the parties hereby seek the Court's approval of the settlement that they have entered into to resolve their dispute in the instant action. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the Settlement Agreement, and request that this Court retain jurisdiction. *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

**II.   ARGUMENT**

Pursuant to the FLSA, claims for overtime compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute, and have executed a Settlement Agreement. The parties agree that the amount of the wages payment being provided

to Plaintiff is fair and reasonable compromise of the disputes. All parties ultimately agreed that it was better to resolve the dispute, rather than incur the additional time, cost, and risk of proceeding with the litigation.

Both sides worked in good faith to reach an amicable resolution at a fair and reasonable amount.

Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an amount of attorneys' fees and costs that was negotiated separately, and without regard to, the amount to be received by Plaintiff to settle the FLSA claim. The parties agree that the amount of the attorneys' fees and costs being provided to Plaintiff's counsel is fair and reasonable.

The terms of the Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction to enforce the Settlement Agreement entered into by the parties.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction to enforce the Settlement Agreement entered into by the parties.

Dated this 23rd day of June, 2022.

Respectfully submitted,

| | |
|---|---|
| */s/ Noah E. Storch* | */s/ Ronald J. Cohen* |
| Noah E. Storch, Esq. | Ronald J. Cohen, Esq. |
| Florida Bar No.: 0085476 | Florida Bar No.: 235504 |
| Richard Celler Legal, P.A. | Lorium Law |
| 10368 W. State Rd. 84 Ste. 103 | 101 NE 3rd Avenue, Suite 1800 |
| Davie, Florida 33324 | Fort Lauderdale, Florida 33301 |
| Telephone: (866) 344-9243 x106 | Telephone: (954) 462-8000 |
| Facsimile: (954) 337-2771 | Facsimile: (954) 462-4300 |
| E-Mail: noah@floridaovertimelawyer.com | Email: rcohen@loriumlaw.com |
| *Counsel for Plaintiff* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.